IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO RIVERA RODRIGUES,

    Plaintiff,

v.                                                            No. 20-cv-0176 RB-LF

DR. FRENCH, CENTURION CORRECTIONAL
HEALTH CARE OF NM, LLC, AND CTR
CORRECTION SYSTEM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    Before the Court is Plaintiff's Civil Rights Complaint (Doc. 1-1), which was removed from state court. Plaintiff is incarcerated and proceeding *pro se*. He alleges prison officials were deliberately indifferent to his medical needs. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court finds the Complaint fails to state a cognizable federal claim but will grant leave to amend.

**I.    Background**[1]

    Plaintiff is incarcerated at the Penitentiary of New Mexico (PNM). He sustained an unspecified injury while working at the prison in 2019. (Doc. 1-1 at 5.) The injury was initially diagnosed as a muscle strain. (*Id.*) A week later, Plaintiff noticed blood in his urine and leaking from his penis. (*Id.*) A PNM nurse tested the urine and determined Plaintiff had kidney stones. (*Id.*) Plaintiff believed the blood was related to his back injury, as he was also experiencing severe

---

[1] The background facts are taken from Plaintiff's complaint (Doc. 1-1). For the limited purpose of this ruling, the Court assumes Plaintiff's allegations are true.

back pain, and he asked to see a doctor. (*Id.*) The PNM physician, Dr. French, was on vacation for two weeks, and Plaintiff could only see a nurse during that time. (*Id.*) Plaintiff visited the medical unit on August 20, 22, and 23 of 2019, but the nurse allegedly could not discern the cause of the back pain. (*Id.*) When Dr. French returned, Plaintiff explained he was in severe pain and requested an MRI. (*Id.*) Dr. French instead ordered an x-ray. (*Id.*) Plaintiff contends an x-ray is inadequate because it "only shows bone fractures," and "without an MRI[,] one cannot know with back injuries" (*Id.*) Plaintiff continues to experience pain in his sciatic nerve, back, and lower left leg. (*Id.*) He contends an unspecified prison official turned him away from two pre-arranged medical appointments in November 2019. (*Id*) Plaintiff also contends naproxen is insufficient to treat his pain. (*Id.*)

Construed liberally, the Complaint raises claims under the Eighth Amendment, 42 U.S.C. § 1983, and the New Mexico Tort Claims Act. The Complaint names three Defendants: (1) Dr. French; (2) Centurion Correctional Healthcare of New Mexico LCC (Centurion); and (3) CTR Correction System (CTR). (Doc. 1-1 at 4.) Plaintiff seeks at least $275,000 in damages along with a declaratory judgment that Defendants violated his constitutional rights and state law. (*Id.* at 6.) Plaintiff originally filed the Complaint in New Mexico's First Judicial District Court, Case No. D-101-CV-2019-3304. Defendants Centurion and Dr. French removed the Complaint to this Court on February 28, 2020, within 30 days of service. (Doc. 1 at 2.) The matter is ready for initial review under 28 U.S.C. § 1915A.

## II.     Standards Governing *Sua Sponte* Review of Prisoner Complaints

Where, as here, a prisoner civil rights action is removed from state court, the Court must screen the claims under 28 U.S.C. § 1915A. *See Carr v. Zwally*, 760 F. App'x 550, 554 (10th Cir. 2019) (§ 1915A provides for sua sponte review of inmate complaints against government officials,

even if they are removed from state court). Under § 1915A, the Court must dismiss a prisoner civil action *sua sponte* "if the complaint . . . is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court should overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless amendment would be futile. *Id.* at 1109.

**III.    Analysis**

The Court analyzes Plaintiff's federal claims under 42 U.S.C. § 1983, the "remedial vehicle for [addressing the] violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the

constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046.

Applying these standards, the Complaint fails to state a constitutional claim against the entity Defendants, Centurion and CTR. Corporations "to whom the state delegates its penological functions" can be held liable for constitutional violations, but they "cannot be held liable solely because [they] employ a tortfeasor." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). To establish liability under § 1983, "a plaintiff must show: 1) the existence of a . . . policy or custom[;] and 2) a direct causal link between the policy or custom and the injury alleged." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). Plaintiff has not alleged that any policy by Centurion or CTR caused the alleged medical indifference. The claims against those Defendants will therefore be dismissed.

As to Dr. French, the allegations are insufficient to demonstrate an Eighth Amendment violation. The Eighth Amendment prohibits "deliberate indifference to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The deliberate indifference test requires plaintiffs to "satisfy an objective prong and a subjective prong." *McCowan v. Morales*, 945 F.3d 1276, 1291 (10th Cir. 2019) (quotations omitted). The objective prong requires a substantially serious harm such as a "lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (quotations omitted). If the claims pertain to a delay in medical care, the plaintiff must also show the delay caused substantial harm. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). The subjective component is met where "the official was subjectively aware of the risk,' . . . and [then] 'recklessly disregards risk.'" *Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017) (quotations omitted).

The only specific allegations involving Dr. French are that he was on vacation when

Plaintiff's injury occurred and he ordered an x-ray instead of an MRI. These facts do not demonstrate Dr. French was aware of, or recklessly disregarded, a serious risk of harm. It is well established that "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). The decision "is a classic example of a matter for medical judgment," which cannot be challenged under the Eighth Amendment. *Id.* at 107. To the extent Plaintiff contends Dr. French misdiagnosed his medical issue, this argument also fails to state a federal claim. The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999); *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) (addressing negligent misdiagnosis). For example, "[w]here a doctor faces symptoms that could suggest either indigestion or stomach cancer, and the doctor mistakenly treats indigestion, the doctor's culpable state of mind is not established, even if the doctor's medical judgment may have been objectively unreasonable." *Id.*; *see also Sealock*, 218 F.3d at 1211 (finding the subjective component not met when defendant merely misdiagnosed inmate). The Complaint therefore fails to state a federal claim against any named Defendant.

The Tenth Circuit counsels that *pro se* prisoners should ordinarily be given an opportunity to remedy defects in their pleading. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."). Accordingly, the Court will allow Plaintiff to file an amended complaint within 30 days of entry of this Order. The amended complaint "must explain what each defendant did to [Plaintiff] . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492

F.3d 1158, 1163 (10th Cir. 2007). If "various officials have taken different actions with respect" to Plaintiff, a "passive-voice [statement] showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013).

The amended complaint is subject to screening under 28 U.S.C. § 1915A. The Court will defer any evaluation of the state law claims until Plaintiff states a cognizable federal claim. Plaintiff should include all claims he has in the amended complaint, including any state law claims. If Plaintiff fails to timely file an amended complaint, or files an amended complaint that fails to state a cognizable federal constitutional claim, the Court may dismiss this case without further notice.

**IT IS ORDERED** that within 30 days of entry of this Order, Plaintiff shall file an amended complaint.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE