IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO RIVERA RODRIGUES,

    Plaintiff,

v.  No. 20-cv-176 RB-LF

DR. FRENCH,
CENTURION CORRECTIONAL
HEALTH CARE OF NM, LLC, AND
CTR CORRECTION SYSTEM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff's failure to file an amended complaint as directed. Plaintiff is incarcerated and proceeding *pro se.* His original complaint alleges prison officials were deliberately indifferent to his medical needs after he sustained an unspecified injury in 2019. (Doc. 1-1 at 5.) The injury was initially diagnosed as a muscle strain. (*Id.*) A week later, Plaintiff noticed blood in his urine and leaking from his penis. (*Id.*) A nurse tested the urine and determined Plaintiff had kidney stones. (*Id.*) Plaintiff believed the blood was related to his back injury, as he was also experiencing severe back pain, and asked to see a doctor. (*Id.*) The prison's physician, Dr. French, was on vacation for two weeks, and Plaintiff could only see a nurse during that time. (*Id.*) Plaintiff visited the medical unit on August 20, 22, and 23 of 2019, but the nurse allegedly could not discern the cause of the back pain. (*Id.*) When Dr. French returned, Plaintiff explained he was in severe pain and requested an MRI. (*Id.*) Dr. French instead ordered an x-ray. (*Id.*) The original complaint alleges an x-ray is inadequate because it "only shows bone fractures,"

and "without an MRI[,] one cannot know with back injuries" (*Id.*) It also alleges an unspecified prison official turned Plaintiff away from two pre-arranged medical appointments in November 2019, and that naproxen is insufficient to treat his pain. (*Id.*)

The Court liberally construed the original complaint to raise claims under the Eighth Amendment, 42 U.S.C. § 1983, and the New Mexico Tort Claims Act. The original complaint names three Defendants: (1) Dr. French; (2) Centurion Correctional Healthcare of New Mexico LCC (Centurion); and (3) CTR Correction System (CTR). (Doc. 1-1 at 4.) Plaintiff seeks at least $275,000 in damages along with a declaratory judgment that Defendants violated his constitutional rights and state law. (*Id.* at 6.) Plaintiff initially filed the original complaint in New Mexico's First Judicial District Court, Case No. D-101-CV-2019-3304. Defendants removed the original complaint to this Court on February 28, 2020, within 30 days of service. (Doc. 1 at 2.)

By a Memorandum Opinion and Order entered October 19, 2020, the Court screened the original complaint and determined it fails to state a federal claim. (Doc. 9.) *See also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of civil actions filed while plaintiff is incarcerated). There are no allegations Centurion and CTR "promulgated . . . or possessed responsibility for the continued operation of a policy that . . . caused the . . . constitutional harm," as required under § 1983. *Moya v. Garcia*, 895 F.3d 1229, 1233 (10th Cir. 2018) (addressing liability for prison supervisors) (quotation omitted); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (applying the same standard to corporate defendants). The Court further observed the allegations against Dr. French - that he was on vacation when the injury occurred and ordered an x-ray, rather than an MRI - do not show he recklessly disregarded a serious risk of harm. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("[a] medical decision not to order an X-ray . . . does not represent cruel and unusual punishment"); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811

(10th Cir.1999) ("negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation").

Consistent with *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991), the Court permitted Plaintiff to file an amended complaint within 30 days of entry of the Memorandum Opinion and Order. Plaintiff was warned that the failure to timely comply could result in the dismissal of this case without further notice. The deadline to amend was November 18, 2020. Plaintiff did not file an amended complaint or otherwise respond to the Memorandum Opinion and Order. The Court will therefore dismiss all federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent the Complaint raises state law claims, the Court declines to exercise supplemental jurisdiction and will dismiss those claims without prejudice.

**IT IS ORDERED** that all federal claims in Plaintiff's Complaint (**Doc. 1-1**) are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); any state law claims in that pleading (**Doc. 1-1**) are **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the federal case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE